IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BERT ALLEN TOYOTA, INC. d/b/a**
Allen Toyota/Scion                                                                **PLAINTIFF**

v.                                                                        Civil Action No. 1:09cv153HSO-JMR

**FEDERATED MUTUAL INSURANCE CO.,**
**and FEDERATED SERVICE INSURANCE CO.**                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FEDERATED MUTUAL INSURANCE CO.'S MOTION TO DISMISS

BEFORE THE COURT is the Motion of Defendant Federated Mutual Insurance Co. ("Federated Mutual"), to Dismiss [2], pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), filed in the above captioned cause on or about February 13, 2009. Plaintiff filed a Response [4], and Federated Mutual filed a Rebuttal [5] in support of its Motion. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion to Dismiss should be granted in part and denied in part.

### I. DISCUSSION

Plaintiff filed its Complaint in the Circuit Court of Harrison County, Mississippi, on or about August 28, 2008, against Defendants Federated Mutual and Federated Service Insurance Co., alleging that Plaintiff's property, buildings and contents, which were insured by a contract of insurance issued by Defendants,

were damaged or destroyed as a result of Hurricane Katrina, and that Defendants "wrongfully failed to honor the Plaintiff's claim for benefits...and refused to pay the claim submitted by the Plaintiff." Compl. ¶ IX. Federated Mutual was served with the Summons and Complaint on January 8, 2009,[1] and removed the case to this Court on February 6, 2009. It now seeks to dismiss Plaintiff's Complaint on grounds that service of process was untimely and that Plaintiff's claims are otherwise time-barred.

    A.    <u>Untimely Service of Process</u>

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) provide defenses for insufficiency of process, and insufficiency of service of process, respectively. *See* FED. R. CIV. P. 12(b)(4) ,12(b)(5). Federated Mutual does not contend that the Summons was deficient, but instead challenges the timeliness of service. The Court will therefore treat Federated Mutual's Motion as one brought pursuant to Rule 12(b)(5). *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 610 n.2 (E.D. La. 1998) (noting that Rule 12(b)(5), not Rule 12(b)(4), provides for dismissal of a claim if service of process was not timely effected).

Here, the parties do not dispute that Plaintiff's Complaint should be dismissed for Plaintiff's failure to timely effect service of process upon Federated Mutual. *See* Resp. ¶ I. Plaintiff concedes that dismissal of its Complaint for failure

---

[1] It is unclear from the submissions of the parties whether Federated Mutual was in fact served on January 8, 2009. However, because Plaintiff does not contest this date, the Court will presume that service was completed upon Federated Mutual at that time.

to comply with Mississippi Rule of Civil Procedure 4(h), is appropriate. *See id.* A dismissal based upon untimely service of process, without more, is without prejudice. *See* FED. R. CIV. P. 4(m); MISS. R. CIV. P. 4(h).

B.  Statute of Limitations

Though the parties do not contest dismissal of this action, they disagree as to whether dismissal should be with or without prejudice. Federated Mutual asserts that this case should be dismissed with prejudice on grounds that Plaintiff's claims are time-barred. A motion to dismiss based upon a statute of limitations defense is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Triplett v. Heckler*, 767 F.2d 210, 211-12 (5th Cir. 1985); *see also Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) ("...a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action.").

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*,

127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*).

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *See Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

In Mississippi, actions without an otherwise specified limitations period must be commenced within three years after the cause of action accrued. *See* MISS. CODE ANN. § 15-1-49. Once a complaint is filed, the statute of limitations is tolled for the 120 day period provided for service of process under Mississippi Rule of Civil Procedure 4(h). *See Jeffreys v. West*, No. 2:08cv209, 2009 WL 212139, at *1 (N.D. Miss. Jan. 29, 2009)(*citing Owens v. Mai*, 891 So. 2d 220, 223 (Miss. 2005)). If service of process is not effected within the 120 days, the statute of limitations

begins to run again. *See id.*

Federated Mutual contends that the cause of action in this case accrued on August 29, 2005, the date Hurricane Katrina struck the Mississippi Gulf Coast. According to Federated Mutual, because Plaintiff filed its Complaint on August 28, 2008, the statute of limitations was tolled for 120 days, or until December 26, 2008, and then expired on December 27, 2008. Plaintiff counters that its claims are not time-barred since the cause of action did not accrue until Defendants denied its claim for insurance proceeds.

Under Mississippi law, the limitations period on an action based upon an insurance company's refusal to pay benefits begins to run "when the insured first receives written notification that a specific claim was denied." *Young v. Southern Farm Bureau Life Ins. Co.*, 592 So. 2d 103, 107 (Miss. 1991) (*quoting Loewer v. New York Life Ins. Co.*, 773 F. Supp. 1518, 1521-22 (M.D. Fla. 1991)).[2] As adopted by the court in *Young*,

> [w]hen parties are voluntarily acting pursuant to a contract, there is no cause of action upon that contract until a breach occurs....In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running....

*Young*, 592 So. 2d at 107 (*quoting Donovan v. State Farm Fire and Cas. Co.*, 574 So. 2d 285, 286 (Fla. Dist. Ct. App. 1991)).

---

[2]Federated Mutual cites *Jackson v. State Farm Mutual Automobile Ins. Co.*, 880 So. 2d 336 (Miss. 2004), for the proposition that a cause of action on an insurance policy accrues at the time the insured became aware, or should have become aware, of the claim, and not at the point of denial. However, the claims asserted in *Jackson* were for uninsured motorist coverage, not wrongful denial of insurance benefits.

It is clear from the Complaint that Plaintiff's claims arise from Defendants' alleged wrongful refusal to pay insurance benefits. *See* Compl. ¶ IX. Based upon the law and the facts presently before the Court, the Court is unable to conclude that this case is time-barred.[3] Therefore, a dismissal with prejudice would be inappropriate at this juncture.

## II. CONCLUSION

For the foregoing reasons, this action should be dismissed, without prejudice, for Plaintiff's failure to timely perfect service upon Federated Mutual Insurance Co.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion of Defendant Federated Mutual Insurance Co., to Dismiss [2], filed in the above captioned cause on or about February 13, 2009, should be and hereby is **GRANTED IN PART AND DENIED IN PART,** and this Civil Action is hereby dismissed, without prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all pending Motions are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 20th day of April, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[3] The parties dispute whether a denial occurred in this case. However, the Court need not address this issue in deciding the present Motion.